## UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

ACTIVE DEPLOYMENT SYSTEMS, LLC,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant.

Case No.  **26-501 C**

Judge

### MOTION FOR PROTECTIVE ORDER

Active Deployment Systems, LLC ("ADS"), respectfully requests the Court issue its "standard" protective order (COFC Form 8) in this protest.

The Court will issue a protective order, for good cause shown, "limit[ing] or prohibit[ing] a nonparty's remote electronic access to a document filed with the court," RCFC 5.2(e)(2), and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" RCFC 26(c)(1). The Court will find good cause if "specific prejudice or harm will result if no protective order is granted." *Davita Healthcare Partners, Inc. v. United States*, 131 Fed. Cl. 42, 43 (2017) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

Resolution of this action is likely to involve discussion of confidential, proprietary, and acquisition planning sensitive information, the disclosure of which the government may wish to protect. This includes rationale used by the agency to justify circumventing the automatic stay implemented by the Competition in Contracting Act ("CICA"). To protect confidential information that may be disclosed in this matter—and to accommodate the Government's production of a full administrative record, and to enable the Court's resolution of the issues raised—ADS, asks the Court to issue a protective order relating to the remainder of this protest.

The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue. *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011) (citing *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010)). Here, that burden is met because the matter will involve discussion of the agency's acquisition planning regarding its override of the CICA stay. A protective order will allow the parties to explore in greater detail any sensitive issues related to this information in their filings. Accordingly, good cause exists to issue a protective order.

Because a protective order will enable a full and fair resolution of this dispute, ADS respectfully requests the Court issue a Protective Order.

April 2, 2026

*Of counsel*
Matthew T. Schoonover
Ian P. Patterson
Timothy J. Laughlin
Kaylee E. Jacobson

Respectfully submitted,

*/s/ Matthew P. Moriarty*
Matthew P. Moriarty, Attorney of Record
SCHOONOVER & MORIARTY LLC
130 N. Cherry St. Ste. 300
Olathe, Kansas 66061
Telephone: (913) 354-2630
*mmoriarty@SchoonoverLawFirm.com*

*Counsel for Active Deployment Systems, LLC*

2

## CERTIFICATE OF SERVICE

In accordance with RCFC 4(a), a copy of this document was submitted to the Clerk's Office, through the Court's electronic filing system. Pursuant to General Order No. 2026-01 (as amended), RCFC 5(b)(2), and RCFC 5(d)(1)(B), a copy of this document was also submitted via electronic mail to counsel for the United States.

April 2, 2026                                                    */s/ Matthew P. Moriarty*

                                                              Matthew P. Moriarty